**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:24-CR-19 (WLS-ALS) |
| | : | |
| TERRANCE BERNARD ANDERSON, | : | |
| | : | |
| Defendant. | : | |

**AMENDED ORDER[1]**

The Court held a hearing on the United States Probation Office's Petition (Doc. 40) to revoke Defendant Terrance Bernard Anderson's supervised release. This Order memorializes that hearing. Previously, Anderson pleaded guilty to wire fraud in violation of 18, United States Code § 1343. The Petition alleges eight violations of his supervised release. (Doc. 40).

At the hearing, Defense Counsel acknowledged that Anderson had been provided with a copy of the Petition for revocation and that Counsel had reviewed it with him. The Court advised Anderson of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify in his defense. Anderson was also advised that he was not required to testify or present a defense and whether he would testify was his decision—all of which Anderson acknowledged he understood. The Court also confirmed from Anderson that he had received the Petition and the Revocation Report (Doc. 51) and reviewed them. Anderson stated that he had spoken to Counsel and wished to stipulate to Violations One, Two, Seven, and Eight. Because Anderson stipulated to Violations One, Two, Seven, and Eight, the Government withdrew the allegations of Violations Three, Four, Five, and Six. The Court also found that Anderson's waiver of a hearing on the Petition was freely, knowingly, and voluntarily done.

Because Anderson stipulated and admitted to Violations One, Two, Seven, and Eight as alleged, the Court found that the violations in the Petition had been established

---

[1] The Court issues this Amended Order in order to correct a scrivener's error. No change in the substance of the Court's prior Order (Doc. 53) is made herein.

1

by a preponderance of the evidence.[2] Once the violations had been established, the Court heard from the Government, Defense Counsel, and the Defendant. Neither Anderson nor the Government objected to the Revocation Report. The Court then declared Anderson's probation revoked.

The Court determined Anderson's U.S. Sentencing Guidelines range to be 3 to 9 months based on Grade C violations and a criminal history category of I. Considering the totality of circumstances and the 18 U.S.C. §§ 3553(a) and 3583(e) factors, sentenced Anderson to a term of imprisonment of nine months. The Court found this sentence appropriate to reflect the seriousness of Anderson's conduct and to protect the public. Anderson's imprisonment shall be followed by a term of supervised release of three years.

For these reasons, the Petition (Doc. 40) is **GRANTED**, and Anderson's probation is **REVOKED**. Defendant is sentenced to a term of imprisonment of nine (9) months. After his release, he will have a term of supervised release of three (3) years.

**SO ORDERED**, this 16th day of July 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release].'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).